**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

GREGG ABBATE                                        )
BRIAN ADAMSON                                )
DOUGLAS ANDERSON                        )
PETER BAGNASCO                            )
KEVIN BELARSKY )
MICHAEL BOBAL )
CHRIS BONOMO )
KIRK BOONE )
LORRAINE BOWDEN )
ERIC BRZOSTEK )
RAYMOND BUTKIEWICZ )
RACHEL CALZARETTA )
NEAL CAMPBELL )
MICHAEL CARDONA )
RAYMOND CLAIR )
BENJAMIN COLECCHIA )
ANTHONY COMPITELLO )
WALTER CONNOLLY )
JAMES COSTANZO )
CHARLES CUMMO )
KENNETH DEAN )
MIGUEL DEDIOS )
MARTIN DENNEHEY )
PEDRO DIAZ )
ROBERT  DOLAN )
FRANK DONALDS )
TERRY ELDER )
THOMAS ERIKSON )
VINCENT EWART, JR. )
MICHAEL FADL )
ANTOINE FAISON )
CHARLES FICO )
JONATHAN FIGUEROA )
MICHAEL FIGUEROA )
JOHN FLORIO )
RICHARD GERACL )
JOSEPH GIORDANO )
MICHAEL GIRDUSKY )
PAUL GITLIN )
DAVID GOMEZ )
DENNIS GRIMM )
WILLIAM PATRICK HAVILAND, JR. )

**BRIAN HEARN** )
**WILLIAM HERNANDEZ** )
**SCOTT HUMMEL** )
**ANTHONY JACOBS** )
**MICHAEL JACOBS** )
**GREGORY JAWULSKI** )
**ROBERT JUBRAV** )
**MICHAEL KELLY** )
**STEVEN LANOCE** )
**PHILLIP LOBELLO** )
**DAVID MACHIN** )
**ROGER MACK** )
**HORACIO MALDONADO, III** )
**SCOTT MATEYASCHUK** )
**CHRISTOPHER MATZ** )
**ROBERT MCARDLE** )
**MARK MCCALLAN** )
**JOHN MCCORMICK** )
**SCOTT MILLER** )
**ROBERT MIRABILE** )
**CHARLES MURPHY** )
**PEDRO MURPHY** )
**PATRICK NEE** )
**JAUNEZ NUNEZ** )
**PERSIO NUNEZ** )
**JEFFREY OBERDIER** )
**JOHN O'CONNOR** )
**MICHAEL OLDMIXON** )
**GARY PAGE** )
**MICHAEL PAPA** )
**ROBERT PAPP** )
**WILLIAM PERAZZO** )
**PAUL PERRICONE** )
**WILLIAM POPPER** )
**EDWIN RAMIREZ, III** )
**JASON REMSON** )
**PEDRO REYES** )
**DANIEL RICH** )
**PAULINO ROSARIO, JR.** )
**WAYNE ROTHSCHILD** )
**SCOTT RYAN** )
**ANDREAS SAVVA** )
**STEPHEN SCHWARTZ** )
**SULEMAN SINANT** )
**RONALD  SPALAZZI, JR.** )
**SCOTT SPECTOR** )

| | |
|---|---|
| **SEAN STONE** ) | |
| **CHRISTOPHER THEOFIELD** ) | |
| **VINCENT TIENIBER, JR.** ) | |
| **JOSEPH TRAMCHO** ) | |
| **THOMAS WESTON** ) | |
| **STEPHEN WICELINSKI** ) | |
| **PAUL ZITO** ) | |
| ) | |
| **Plaintiffs,** ) | |
| **v.** ) | **Civil Action No.** |
| ) | |
| **CITY OF NEW YORK and THE** ) | |
| **NEW YORK CITY POLICE** ) | |
| **DEPARTMENT** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

## INTRODUCTION

Plaintiffs, by and through their counsel, the law firm of  Woodley & McGillivary, for their complaint against the City of New York ("New York City") and the New York City Police Department ("NYPD")(hereinafter collectively referred to as "defendants"), state as follows:

## PARTIES

1.      Plaintiffs are and at all times material herein have been employed by defendants in positions in the New York City Police Department.  Plaintiffs bring this action for a declaratory judgment, back pay and other relief pursuant to 29 U.S.C. § 207, 29 U.S.C. § 216(b), and 28 U.S.C. § 1331 to remedy the defendants' willful and unlawful violations of federal law complained of herein.

2.      Plaintiffs are identified in the caption of the Complaint and have given their written consent to be party plaintiffs in this action pursuant to 29

U.S.C. § 216(b).  Such written consents are appended to this Complaint in Appendix A.  These written consent forms set forth each plaintiff's name and address.

3.     Each of the plaintiffs in this action while employed by defendants has been an "employee" within the meaning of the Fair Labor Standards Act (FLSA), 29 U.S.C. Section 203(e)(1).

4.     Defendant New York City is, among other things, a juridical entity amenable to suit under the FLSA in that it is, and was at all times material hereto, a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. § 203(x). New York City has a principal office and place of business located at Broadway and Park Row, New York, New York,10007, and may be served with process by serving the Office of Corporation Counsel, 100 Church Street, New York, 10007.

5.     Defendant New York Police Department ("NYPD") is an administrative division of New York City and is, among other things, a juridical entity amenable to suit under the FLSA in that it is, and was at all times material hereto, a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. §203(x). The NYPD's principal office is located at One Police Plaza, New York, New York 10038.


## JURISDICTION AND VENUE


6.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7.     Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## CLAIMS

8.     At all times material herein, and since May 11, 2008, as well as before, the plaintiffs have worked within the NYPD for defendants in various positions.

9.     Within the last three years and continuing to date, while working on behalf of defendants in positions involving the care of police canines, plaintiffs have worked one extra hour caring for their assigned NYPD canines outside of their scheduled tour of duty for each day that they were scheduled to be on-duty and for each day that they have been scheduled to be "off-duty," plaintiffs have worked one and one-half (1.5) hours caring for their assigned NYPD canines. While performing these activities, and regardless of whether such time is overtime or not, plaintiffs have been paid a straight, hourly rate of pay.

10.     Within the last three years and continuing to date, while working on behalf of defendants, plaintiffs have received payments such as longevity pay, night shift differential pay, educational differential and a variety of other shift differentials.  These payments are in addition to their salaries and the hourly pay referenced in paragraph 9 above.

11.     During the last three years and continuing to date, defendants have adopted a 28-day work period for purposes of payment of overtime under the Fair Labor Standards Act (FLSA) to law enforcement employees working in the NYPD.

12.   During the last three years and continuing to date, plaintiffs have worked in excess of 171 hours in a 28 day period.  On those occasions in which plaintiffs have worked in excess of 171 hours in a 28-day period defendants have failed to provide plaintiffs with the rights and protections provided under the FLSA, including overtime pay at the rate of one and one-half times their regular rates of pay for all hours plaintiffs have worked in excess of the hourly standards set forth under 29 U.S.C. § 207(k).   Among other things, defendant has violated the FLSA through such actions as: (1) failing to provide overtime compensation for work hours in excess of 171 hours involving canine care and failing to compute the overtime rate at the blended hourly rate as mandated in the Honorable Judge Shira Scheindlin's decisions in *Scott v. City of New York*, 02 Civ 9530 (SAS), and including but not limited to the decisions reported at 604 F.Supp. 2d 602 (S.D.N.Y. 2008), the decision decided on April 24, 2009 and filed on April 27, 2009, and the decision reported at 629 F.Supp. 2d 266 (S.D.N.Y. 2009); and 2) failing to include longevity pay and various shift differentials that plaintiffs have received in plaintiffs' regular rates of pay for purposes of paying FLSA overtime, which  the Honorable Judge Shira Scheindlin mandated be included in plaintiffs' regular rates of pay in her decisions in *Scott v. City of New York*, 02 Civ 9530 (SAS), including but not limited to her decision reported at 629 F.Supp. 2d 266 (S.D.N.Y. 2008).

13.   During the work periods in which defendants have suffered or permitted plaintiffs to work hours in excess of the hourly standards for overtime set forth under 29 U.S.C. § 207 (k), defendants have failed to provide plaintiffs

with the rights and protections provided under the FLSA, by failing to pay overtime to plaintiffs at the rate of one and one-half times their regular rates of pay for all hours plaintiffs have worked overtime in excess of the hourly standards for overtime set forth under 29 U.S.C. § 207(k).

14.  By failing to pay the plaintiffs and other employees similarly situated the overtime pay required under the law, the defendants have violated and are continuing to violate in a willful and intentional manner the provisions of the FLSA.  In particular, plaintiffs note that defendants were ordered by a court to calculate overtime on this basis in the series of decisions in *Scott v. City of New York*, 02 Civ 9530 (SAS) just 3 years ago, but defendant has failed to do so despite continuing to work plaintiffs' overtime in excess of the hourly standards for overtime compensation for law enforcement employees.  As a result, at all times material herein, the plaintiffs have been unlawfully deprived of overtime compensation and other relief for the maximum period allowed under the law.

15.  As a result of the defendants' willful and purposeful violations of the FLSA, there have become due and owing to the plaintiffs an amount that has not yet been precisely determined.  The employment and work records for the plaintiffs are in the exclusive possession, custody and control of defendants and its public agencies and the plaintiffs are unable to state at this time the exact amount owing to them.  Defendants are under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to the

plaintiffs and other employees similarly situated from which the amount of defendants' liability can be ascertained.

16.  Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the defendants' failure to pay overtime compensation.

17.  Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

WHEREFORE, the plaintiffs, on their own behalf and on behalf of others similarly situated, pray that this Court:

(a)  Enter judgment declaring that the defendants have willfully and wrongfully violated its statutory obligations, and deprived each of the plaintiffs of his rights;

(b)  Order a complete and accurate accounting of all the compensation to which the plaintiffs are entitled;

(c)  Award plaintiffs monetary liquidated damages equal to their unpaid compensation;

(d)  Award plaintiffs interest on their unpaid compensation;

(e)  Award plaintiffs their reasonable attorneys' fees to be paid by the defendants, and the costs and disbursements of this action; and

(f)  Grant such other relief as may be just and proper.

Respectfully submitted,

_____
Gregory K. McGillivary (SSN: 0280)
Sara L. Faulman (SF 9778)
WOODLEY & McGILLIVARY
1101 Vermont, N.W.
Suite 1000
Washington, DC  20005
Phone:  (202) 833-8855

Attorneys for Plaintiffs